**Adoption of D.J.H.**

*Allen N. Brunswasser,* for appellant.

*Dina G. McIntyre* and *John H. Auld, III,* for appellee.

ROSS, E., *J.*, December 11, 1979—D.S.H., father of the above child, and A.M., maternal grandmother, have excepted to orders entered by the Honorable William S. Rahauser on June 21, 1979 and June 29, 1979.

The order dated June 21, 1979 denied the exceptants the right to see the adoption papers filed in the above case. A petition to inspect adoption records which are impounded by statute may only be granted upon proper cause shown: Adoption Act of July 24, 1970, P.L. 620, sec. 505, 1 P.S. §505.

In the instant case the parental rights of both parents were terminated on May, 3, 1977 after proper notice. The Pennsylvania Supreme Court affirmed the termination. No valid reason at this

time exists for the adoptee's natural father to inspect the record since he is not entitled to notice of the adoption proceeding nor may he object thereto after a proper parental rights termination: Adoption Act of July 24, 1970, supra, sec. 331, 1 P.S. §331.

The maternal grandmother is not a party in interest in this adoption proceeding. She is not the guardian of the child nor is she custodian of the adoptee since by the decree of termination custody was awarded to the person agreeing to accept custody. Her consent is not now required, notice to her is not required and she is not a party in interest who should have the right to inspect the record: Adoption Act of July 24, 1970, supra, secs. 411, 505, 1 P.S. §§411, 505.

Both petitioners also were inferentially, in the order dated June 21, 1979, denied the right of visitation of the child. The rights of the natural father had already been terminated two years before so that he no longer could assert any right to see the child. The rights of the natural mother had been terminated at the same time. The natural maternal grandmother has no right to appear during the pendency of an adoption hearing to demand visitation. The only petition the court may entertain with respect to a child's custody during the pendency of the adoption is one relating to a petition for habeas corpus and it is considered only if the adoption is not decreed: Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §763.

Thus, no cause was shown by either exceptant to see the adoption record, and the order dated June 21, 1979 was properly entered. The exceptions thereto are dismissed.

The exceptants also object to the decree of adoption dated June 29, 1979 entered in the above case.

It is argued that there was a "contract" as to visitation of the child between the maternal grandmother and the adoptors to allow her to see the adoptee which was the basis of her prior cooperation in the termination proceedings, and that the decree of adoption entered June 29, 1979 was improper. It was contended that the status of the grandmother is analogous to a natural parent who has given consent to an adoption conditioned upon the retention of some parental rights in the non-step-parent adoption situation. Since the consent of the parent in such cases is required to be unequivocal, a conditional consent would not support a decree of adoption: Adoption of Christopher P., 480 Pa. 79, 84, 389 A. 2d 94, 97 (1978).

Such reasoning cannot apply to the maternal grandmother. She is not a party in interest to the adoption and whether she approved or disapproved of the adoption is irrelevant. She was not required to consent to the involuntary termination since her daughter, the natural mother, was over the age of eighteen at the time of termination. Her "conditioned" approval is not a factor to be considered in deciding whether the decree is valid.

The exceptants also urge error because the court failed to appoint a separate attorney for the child in the adoption proceedings. Such is not required by the Adoption Act of July 24, 1970, supra, sec. 1 et seq., 1 P.S. § 101 et seq. and no compelling reasons exist to require such appointment.

The exceptions to the June 29, 1979 decree should also be dismissed.

## ORDER

And now, December 11, 1979, after argument on the exceptions filed by D.S.H., father, and A.M.,

maternal grandmother, to the orders of court entered June 21, 1979, and June 29, 1979, in the above case, it is ordered, adjudged and decreed that the exceptions are hereby dismissed.